IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    No. 3:20-CR-00508-3

                    Plaintiff,               OPINION & ORDER

         v.

JOHN JOSEPH NIRSCHL,

                    Defendant.

HERNÁNDEZ, Senior District Judge:

Defendant John Joseph Nirschl moves for a reduction of his sentence pursuant to 18
U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821. Def. Mot., ECF 301. The
Government opposes the Motion. Gov't Resp., ECF 304. For the reasons that follow, the Court
denies Defendant's Motion.

**BACKGROUND**

On November 4, 2020, Defendant was indicted for conspiracy to interfere with commerce
by threats or violence, interference with commerce by threats or violence, and possession of a
firearm in furtherance of a crime of violence. Indictment, ECF 1; *see also* Superseding

1 – OPINION & ORDER

Indictment, ECF 78. Defendant subsequently entered a guilty plea on Counts 1 and 7 of the

Superseding Indictment, which charged him with conspiracy to interfere with commerce by

threats or violence and possession of a firearm in furtherance of a crime of violence. Plea Hr'g,

ECF 209.

On January 24, 2024, the Court sentenced Defendant to 60 months' imprisonment on

Count 1 and 60 months' imprisonment on Count 7, with sentences to be served consecutively.

Sentencing Hr'g, ECF 260; *see also* 2d Am. J. 1, ECF 313. The total term of 120 months'

imprisonment was consistent with the parties' stipulation. Pl.'s Sentencing Mem. 1–2, ECF 258;

Def.'s Sentencing Mem. 3, ECF 259. The Court found that Defendant's total offense level was

40, his criminal history category was VI, and the guideline range was 120 months. Statement of

Reasons 1, ECF 263.

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

> [I]n the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has

been imposed "represents a congressional act of lenity intended to give prisoners the benefit of

later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*,

560 U.S. 817, 828 (2010) . The exception, however, is limited; it "does not authorize a

resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds

established by the Commission." *Id.*

In deciding whether to reduce a sentence based on a retroactive amendment to the U.S. Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 826.

## DISCUSSION

Defendant seeks a reduction of his sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by defendants who commit their offense while under a criminal justice sentence. *Compare* U.S.S.G. § 4A1.1(e) (one point added) *with* former U.S.S.G. § 4A1.1(d) (two points added). Subpart 1 of Part B creates a new provision that provides a two-offense-level reduction for certain offenders who present zero criminal history points and are not otherwise disqualified from the reduction. U.S.S.G. § 4C1.1(a). A defendant who "possess[ed], receive[d], purchase[d], transport[ed], transfer[ed], s[old], or otherwise dispose[d] of a firearm or other dangerous weapon (or induce[d] another participant to do so) in connection with the offense" is not eligible for a zero-point offender reduction. U.S.S.G. § 4C1.1(a)(7).

A reduction in Defendant's sentence is not warranted. Defendant was sentenced on January 24, 2024, well after Amendment 821 went into effect. J., ECF 262 (signed January 31, 2024). And Amendment 821 was used to calculate his sentence. *See* Presentence Investigation Report ("PSR") ¶ 89, ECF 256 ("The 2023 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level."); PSR ¶ 187 (noting that, because Defendant's criminal history points totaled seven or more, and he "committed the instant offense while under a criminal justice sentence, one additional point is added"). Thus, his

sentencing was not based on a sentencing range subsequently lowered by the U.S. Sentencing Commission, and he is not entitled to relief under 18 U.S.C. § 3582(c)(2).

Defendant's Motion also cites the "zero-point offender" provision of Amendment 821. But he is not a zero-point offender; Defendant had 22 points and a criminal history category of VI. PSR ¶ 188. And in any event, his use of a firearm in connection with his offenses, *see, e.g.*, Plea Agreement ¶ 5, ECF 217, precludes him from being eligible for that offense level reduction. Thus, Defendant is not entitled to relief under U.S.S.G. § 1B1.10(d).

## CONCLUSION

The Court DENIES Defendant's Motion for Sentence Reduction [301].

IT IS SO ORDERED.

DATED: _____ April 25, 2025 _____.


_____
MARCO A. HERNÁNDEZ
United States Senior District Judge